UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62368-CIV-COHN/SELTZER

GUILLAUME VAN NIEKERK
and MARYETTA PREKUP,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Remand to State Court [DE 6] ("Motion"). The Court has considered the Motion, Defendant's Response [DE 7], Plaintiffs' Reply [DE 10], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On February 3, 2010, Plaintiffs Guillaume van Niekerk and Maryetta Prekup brought suit in the Seventeenth Judicial Circuit Court, Broward County, Florida, against Jaime Burba for damages arising out of an automobile accident. See Mot. at 1. The jury returned a verdict for Plaintiffs in the amount of $631,222.77. Def.'s Resp. to Mot. at 1. After the jury entered the verdict, but before the trial court entered a final judgment, Plaintiffs moved for leave to file a third amended complaint to add Allstate Insurance Company ("Allstate") as a defendant, and to assert a claim for bad faith against Allstate. Id. at 2. The court granted the motion on November 2, 2012. Id. On December 1, 2012, Allstate removed the bad faith claim to this Court based on diversity jurisdiction. Notice of Removal [DE 1] at 2-3. In the instant motion, Plaintiffs move to

remand the action to state court, asserting that Allstate's removal was untimely. Plaintiffs also seek attorneys' fees and costs associated with the removal. Allstate opposes the motion.

## II. LEGAL STANDARD

"A defendant's right to remove an action against it from state to federal court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'" Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3721, at 285-86 (3d ed. 1998)). Removal statutes are strictly construed, with all doubts resolved in favor of remand. See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.")). "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

Here, Allstate seeks to remove the case on the basis of diversity jurisdiction. Title 28 U.S.C. § 1446(b) prescribes certain temporal limitations on removing diversity cases to federal court. Section 1446 provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title

[diversity of citizenship] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (1996) (amended 2011).[1]  Therefore, for Allstate's removal to be timely, it must meet two requirements.  First, the Notice of Removal must have been filed within thirty days after Allstate received the initial pleading making the case removable.  Id.  Second, the claim must have been removed within one year after 'commencement of the action.'  Id.

### III. ANALYSIS

Here, Plaintiffs originally filed suit on February 3, 2010.  Allstate filed its Notice of Removal on December 1, 2012.  Therefore, Plaintiff asserts, the removal is barred by the one-year limitation contained in § 1446(b).  In response, Allstate argues that the relevant period for removal purposes is measured from the date that the claim for bad faith was asserted.  Because the bad faith claim was added on November 2, 2012, Allstate contends that its removal complied with both the thirty-day and one-year limitations.  Therefore, this case hinges on when the 'action' was 'commenced' within the meaning of § 1446(b).[2]

---

[1] Section 1446 was amended in 2011.  However, the 2011 amendment only applies to actions commenced on or after January 6, 2012.  See Pub.L. 112-63 § 205.  Accordingly, because Plaintiffs in this case filed suit in 2010, the previous version of the statute applies.

[2] Allstate also argues that even if Allstate removed the case more than one year after the action was commenced, the time bar in § 1446(b) should not apply on policy grounds.  In support, Allstate asserts that Plaintiff purposefully tried to defeat removal by adding the bad faith claim more than one year after commencing the action.  However, Plaintiffs' alleged bad faith is irrelevant to the question of remand.  While courts in other jurisdictions have allowed for equitable tolling of § 1446(b), the Eleventh Circuit has not.  See Burns, 31 F.3d at 1094, n.4 (recognizing that, under § 1446(b), "a

3

For purposes of removal, commencement of an action is generally determined by state law. Moultrop v. Geico Gen. Ins. Co., 858 F. Supp. 2d 1342, 1346 (S.D. Fla. 2012) (citing Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 750-51 (7th Cir. 2005)). Under Florida law, civil actions are "deemed commenced when the complaint . . . is filed . . . ." Fla. R. Civ. P. 1.050; see also Szabo v. Essex Chem. Corp., 461 So. 2d 128, 128 (Fla. 3d DCA 1984) (noting that "an action is commenced in Florida by the filing of a complaint.")). This basic principle applies even when a party adds new claims or parties as the action progresses. See Lopez v. Robinson Aviation, Inc., No. 10-60241-CIV-MOORE/SIMONTON, 2010 U.S. Dist. LEXIS 99603, at *5-6 (S.D. Fla. Apr. 21, 2010). The rule is particularly appropriate in interpreting § 1446, as the text of § 1446 refers to the "commencement of an action," rather than the addition of a party or claim. See id. at *6 (finding that the language of § 1446 indicates that the one-year period is not claim or party-specific). Indeed, there is no indication in § 1446 that an 'action' would 'commence' anew each time a claim is asserted or a party is added. See Moultrop, 858 F. Supp. 2d. at 1346 ("the plain language of § 1446(b) suggests that 'commencement of the action' means the filing of the original complaint," and not the date on which a bad faith claim was brought). Therefore, the Court concludes that the action was commenced upon the filing of the initial complaint on February 3, 2010.

---

plaintiff who artfully pleaded his claim could avoid federal jurisdiction"); Bouza v. Ford Motor Co., No. 07-22728-CIV-MORENO, 2007 U.S. Dist. LEXIS 88750, at *3-5 (S.D. Fla. Nov. 28, 2007) (citing Burns and finding that § 1446 may not be equitably tolled); Jones v. H & S Homes, LLC, No. 3:08-cv-571-MEF, 2008 U.S. Dist. LEXIS 81923, at *6 (M.D. Ala. Oct. 15, 2008) ("the one-year time limit [in § 1446(b)] is absolute and not subject to exception") (citing Russaw v. Voyager Life Ins. Co., 921 F. Supp. 723, 724-25 (M.D. Ala. 1996)). Accordingly, Plaintiffs' strategic motivations are not at issue here.

Accordingly, because Allstate filed its Notice of Removal on December 1, 2012, the removal was untimely under § 1446(b).

Allstate seeks to avoid remand by arguing that the bad faith claim was independent from the underlying negligence claim, and that it therefore carries a separate commencement date.  In support, Allstate cites to a series of cases from the Middle District of Florida, each of which holds that a bad faith claim is a "separate and independent" cause of action from the underlying claim, and that the one-year period for removal begins when the bad faith claim is filed.  See Def.'s Resp. to Mot. for Remand at 4-5 (citing, e.g., Love v. Property & Cas. Ins. Co. of Hartford, No. 8:10-CV-649-T-27EAJ, 2010 WL 2836172, at *7 (M.D. Fla. July 16, 2010); Lahey v. State Farm Mut. Auto. Ins. Co., No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334, at *4 (M.D. Fla. July 11, 2007); Curran v. State Farm Mut. Auto. Ins. Co., No. 6:09-CV-463-ORL-28DAB, 2009 WL 2003157, at *6 (M.D. Fla. July 2, 2009)).

The Court finds these cases unpersuasive for two reasons.  First, as noted above, they directly conflict with Florida's definition of the commencement of an action, as well as the plain language of § 1446(b).  Second, my colleague, Judge Kenneth A. Marra, in Potts v. Harvey, No. 11-80495-CIV-MARRA, 2011 U.S. Dist. LEXIS 115876 (S.D. Fla. Oct. 6, 2011), was critical of the precedent cited by Allstate.   In Potts, the facts were substantially similar to the instant case.  The plaintiff was injured in an automobile accident, and filed suit in state court against the tortfeasor.  2011 U.S. Dist. LEXIS 115876, at *2.  After receiving a jury verdict, but before receiving a final judgment, the plaintiff amended her complaint to add a claim for bad faith against the

5

defendant's insurer.  Id.  The insurer then removed the case to federal court based on diversity jurisdiction, and the plaintiff moved for remand.  The Court remanded the case, finding that the insurer's removal was barred by the one-year limitation in § 1446(b).  Id. at *11.  In discussing the line of authority from the Middle District of Florida, Judge Marra found that those cases failed to explain why they recognized a 'separate and independent' exception to the one-year limit applicable to diversity cases.  Id. at *8-11.  Further, Judge Marra noted that the interaction between §§ 1441 and 1446 demonstrates that a claim's 'independence' is relevant only when the case is removed pursuant to federal-question jurisdiction.  Title 28 U.S.C. § 1441(c), as amended in 2002, provides as follows:

> Whenever a separate and independent claim or cause of action **within the jurisdiction conferred by section 1331 of this title** is joined with one more otherwise removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Potts,  2011 U.S. Dist. LEXIS 115876, at *6 (citing 28 U.S.C. § 1441(c) (2002) (amended 2011)) (emphasis added).[3]  Therefore, the Court concluded that § 1441(c) restricts the availability of removal of separate and independent claims to federal-question cases.  Id. at *6-7 (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3722.3, at 589 (4th ed. 2009)).  Accordingly, the Court held that the 'separate and independent' analysis is

---

[3] Like § 1446, § 1441 was also amended in 2011.  However, the 2011 amendment only applies to actions commenced on or after January 6, 2012.  See Pub.L. 112-63 § 105(d).  Since Plaintiffs in this case filed suit in 2010, the previous version of the statute applies.

inappropriate in diversity cases, and that the one-year bar in § 1446(b) — which is not claim or party-specific — precluded removal of the bad faith claim. Id. at *7-11; see also Moultrop, 858 F. Supp. 2d at 1347-48 (holding that insurer could not invoke 'separate and independent' controversy doctrine in removal action based only on diversity of citizenship); accord Bolen v. Ill. Nat'l Ins. Co., No. 6:10-CV-1280-ORL-37-DAB, 2012 U.S. Dist. LEXIS 147312, at *21-22 (M.D. Fla. Aug. 28, 2012) (citing Moultrop, and finding that a bad faith claim, accruing only after the conclusion of the liability claim, was nonetheless "part of the 'case' and thus, under Florida law, was 'commenced' upon filing."); Taylor v. King, No. 5:12-CV-1, 2012 U.S. Dist LEXIS 111352, at *11 (W.D. Ky Aug. 8, 2012) (finding that, in a diversity case, it is immaterial that the bad faith claim against the insurer is separate and independent from the underlying claim against the tortfeasor).

The reasoning of Potts and Moultrop is applicable in the instant case. Like the insurers in those cases, Allstate seeks to improperly extend the 'separate and independent' analysis to a diversity case. By its plain language, § 1441 restricts the 'separate and independent' inquiry to federal-question cases. Thus, a claim's independence is not relevant in removal actions, like the present one, based solely on diversity. See Potts, 2011 U.S. Dist. LEXIS 115876, at *8 (finding that "whether a bad faith claim is 'separate and independent' from an underlying claim in negligence is a question that Congress has deemed irrelevant" in diversity cases). Accordingly, the Court concludes that the bad faith claim is part of the 'action,' which, for purposes of

7

§ 1446(b) was commenced upon the filing of the complaint on February 3, 2010. Allstate's Notice of Removal, filed nearly three years after the action was brought, is therefore untimely, and the case will be remanded.

However, the Court does not find a basis for awarding attorneys' fees and costs to Plaintiffs. An order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Under this provision, an award of fees is discretionary. Bolen, 2012 U.S. Dist. LEXIS 147312, at *23 (citing IMCO USA, Inc. v. Title Ins. Co. Of Minn., 729 F. Supp. 1322, 1324 (M.D. Fla. 1990)). Here, there is no evidence that Allstate acted unreasonably in removing the action, particularly when, as noted above, there is a conflict in authority regarding removal of similar claims. See id. Accordingly, the Court will not award attorneys' fees or costs in connection with the removal.

### IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand to State Court [DE 6] is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida;

2. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 10-5288 (04).

3. All pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of January, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF